Mod. 129; 4 Mod. 378. The question made at the bar, whether that statute passed before or after the first emigration of inhabitants to Maryland, seems to me of little importance as to the present point. For if it passed prior to that date, still it is not law by virtue of the declaration of rights in Maryland, unless it had by experience been found applicable to their circumstances, before the year 1776. This experience could only be by practising upon it in courts of law. And if it was passed after the date of the first emigration to Maryland, it would still have no force here, unless it had been practised upon by courts of law or equity prior to the same year. So that it is not necessary to ascertain the precise time of the first emigration to Maryland. No case having been produced in which the statute of James has been practised upon in Maryland, we cannot consider it as in force here; and if it is not, there is nothing to prevent the full operation of the statute of Glocester, which gives costs in all cases where damages are recovered. The jurisdiction of this court is unlimited by the amount of the claim, or of the verdict, in actions of slander; for although the court has decided that the justices of the peace have exclusive original jurisdiction in all cases where they have cognizance, yet the justices have no cognizance of actions of slander. For these reasons, I am clearly of opinion, that the plaintiff ought to have his judgment, with full costs.

## Case No. 4,944
### The FORRESTER.
[See Case No. 15,132.]

## Case No. 4,945.
### FORRESTIER v. BORDMAN.
[1 Story, 43; 2 Law Rep. 325; 1 Hunt. Mer. Mag. 506.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1839.

[1] [Reported by William W. Story, Esq. 1 Hunt. Mer. Mag. 506, contains only a condensed report.]

C. P. Curtis, for plaintiff,